**FILED**

August 19 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 14-0134

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 230N

IN RE THE MARRIAGE OF:

DEBRA STRIETER,

   Petitioner and Appellee,

 and

CAREY STRIETER,

   Respondent and Appellant.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR 06-328B
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Peter F. Carroll, Attorney at Law, Kalispell, Montana

   For Appellee:

   C. Mark Hash, Hash, O'Brien, Biby & Murray, PLLP, Kalispell, Montana

Submitted on Briefs: August 6, 2014
Decided: August 19, 2014

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1       Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2       Debra Strieter (now known as Debra Teichman) and Carey Strieter were married in 1993.  In June 2006, Debra petitioned the Eleventh Judicial District Court, Flathead County, to dissolve the marriage.  The District Court entered a decree of dissolution in November 2006.  The decree and subsequent orders issued by the court directed that the marital home was to be sold "immediately" and that the proceeds were to be distributed equally between Debra and Carey.  Debra negotiated a sale, and the home was finally sold in August 2013.  The net proceeds ($322,771.61) were deposited in a trust account with the parties' agreement that no monies would be disbursed unless both Debra and Carey agreed to the disbursement, or the District Court issued an order of distribution.  Because the parties could not agree to a distribution, the District Court issued an order apportioning and disbursing the proceeds.  Carey now appeals from that order.

¶3       The instant dispute arises from the fact that Carey remained in the marital home after the decree of dissolution was entered in 2006.  Following his persistent failure to cooperate with the sale of the home, the District Court entered an order finding Carey in willful contempt of the court's prior orders.  The court granted Debra sole authority to sell the property and ordered the Flathead County Sheriff's Office to remove Carey from

2

the premises immediately and permanently. The court also gave Debra authority to remove Carey's personal property from the home and place it in a storage unit.

¶4 Carey states that he was forcibly removed from the home in April 2013. After conducting an inventory of his personal property, he discovered that Debra had not placed all of his property into storage. As a result, he asserted—and Debra conceded—that she owed him for the value of the missing property, specifically an entertainment center, a black cabinet, and an oak bedroom set. The entertainment center and the black cabinet were purchased in 2005; the bedroom set dated from 1977.

¶5 Carey sought the replacement values of each of these items, which he alleged are $2,800.00 for the entertainment center, $1,392.00 for the black cabinet, and $8,337.00 for the oak bedroom set. Debra, on the other hand, provided evidence of present fair market value. At a hearing in the District Court, she called Todd Gardner, who is in the business of appraising and valuing personal property. Gardner testified that the fair market values of the entertainment center and the black cabinet are $750.00 and $350.00, respectively. Debra herself provided the fair market value of the bedroom set at $800.00, based on a comparable bedroom set she had found for sale on the Internet.

¶6 The District Court adopted the present fair market values provided by Gardner and Debra. Furthermore, as to the bedroom set, the court required Debra to pay Carey only half ($400.00) based on the rationale that she had returned some of the pieces of the set to Carey and should be responsible for only the missing and damaged pieces.

¶7 On appeal, Carey asks us to hold that the District Court erred in its valuation of the property. He contends that replacement value is the standard for "damages" under the

3

law and, thus, that the District Court should have used replacement values rather than present fair market values. Carey further contends that the values adopted by the court were clearly erroneous because Gardner and Debra based their valuations on "imagined sales" rather than on the actual value of the items when they were purchased. He asserts there was no evidence that the value of his personal property had depreciated, and he argues that present fair market values fail to compensate him for the loss of his property. Finally, Carey maintains that Gardner never examined the entertainment center and the black cabinet and instead based his valuations on photographs of these items.

¶8     Debra responds that present fair market value is the accepted method of valuing assets in dissolution cases. She further contends that the fair market values adopted by the District Court are supported by substantial evidence—namely, Gardner's testimony and Debra's evidence of similar property offered for sale. She notes that Carey provided no competing evidence regarding present fair market value. Finally, Debra requests that we award her sanctions pursuant to M. R. App. P. 19(5).

¶9     A district court has discretion in determining the value of property in a dissolution. The valuation can be premised on expert testimony, lay testimony, documentary evidence, or any combination thereof. As long as the valuation is reasonable in light of the evidence submitted, we will not disturb the finding on appeal. *In re Marriage of Robinson*, 269 Mont. 293, 296, 888 P.2d 895, 897 (1994). Preferably, valuation should occur at the time of distribution; in other words, present fair market values should be used. *Jackson v. Jackson*, 2008 MT 25, ¶ 15, 341 Mont. 227, 177 P.3d 474; *In re Marriage of Pospisil*, 2000 MT 132, ¶ 44, 299 Mont. 527, 1 P.3d 364. Here, the District

4

Court used this valuation method.  The court premised its valuations on expert testimony and documentary evidence of present fair market value.  The valuations are reasonable in light of the evidence submitted.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The District Court's valuations are consistent with our precedents and reasonable in light of the evidence submitted.  We decline to award sanctions under M. R. App. P. 19(5).

¶11    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE